IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–00605–RM–MDB

MICHAEL LYNN RATCLIFF, JR.,

    Plaintiff,

v.

TYLER BROWN, Arapahoe County Sheriff,
BILL ELDER, El Paso County Sheriff,
FRANCES JOHNSON, Judge,
LIZET CASTILLO, Colorado Springs Police Department,
SHANE OWEN, Colorado Springs Police Department, and
CLAYTON SUNADA, Colorado Springs Police Department,

    Defendants.

## ORDER

Defendants Tyler Brown, Bill Elder, Judge Frances Johnson, Lizet Castillo, Shane Owen, and Clayton Sunada (collectively, "Defendants"), have filed "Defendants' Joint Motion to Stay Discovery and All Further Proceedings Pending." (["Motion to Stay"] Doc. No. 56). Plaintiff missed the deadline to respond and after hearing from Plaintiff, the Court granted him additional time to respond. (Doc. No. 61.) Plaintiff filed his response and Defendants replied. (["Response"] Doc. No. 63; ["Reply"] Doc. No. 64.) Having reviewed the briefs, applicable case law, and being otherwise fully apprised, the Court hereby **GRANTS** Defendants' Motion to Stay.

**SUMMARY FOR PRO SE PLAINTIFF**

The Court has reviewed the Motion to Stay as well as your Response, and the Defendants' Reply. Because you are proceeding without a lawyer, the Court has construed all of your arguments liberally and in your favor, wherever possible. However, after careful consideration of all five factors that apply when someone requests a stay, the Court has determined the factors weigh in favor of a stay pending resolution of the motions to dismiss filed at ECF 20, 25, 20, and 41. This means the case will be on hold until each pending motion to dismiss is resolved. Once this Court issues a recommendation on those pending motions to dismiss, and once the presiding judge makes a final decision on each of those motions to dismiss, you and the Defendants will file a joint status report so that any remaining claims can proceed.

## BACKGROUND

Plaintiff alleges that on January 28, 2019, he called the police to complain of stalking and harassment. (Doc. No. 6 at 2.) He contends that "[i]nstead of helping [him] [the police] arrested [him] and began to gaslight [him] by acting like they were going to murder [him]." (*Id.*) He alleges that:

> [l]aw enforcement and their allies in the convict community continued to psychologically abuse me in this way for the entirety of my incarceration culminating the 4 July 2021 placement of my person in solitary confinement where I was tortured by illegal psychological interrogation techniques involving the removal of clocks form the wall to reduce my awareness of the passage of time, rapidly flashing lights which has a deleterious effect on the brains of humans and animals an disturbing noises from outside the cell pretending to be characters from Christian mythology.

(*Id.*) Plaintiff seeks $7.5 million because he "was incarcerated for over two years without a trial without effective assistance of legal counsel, without a bond and in violation of [his] right to a speedy trial," and he states he was incarcerated "under the State of Colorado's competency

statutes." (*Id.* at 2, 4, 7.) Plaintiff filed this lawsuit in March 2023, less than a month after the criminal matter was dismissed. (Doc. No. 1.) He has named the El Paso County Sherrif, the Arapahoe County Sheriff, Judge Frances Johnson, and various members of the Colorado Springs Police Department, but it is difficult to discern which specific claims are brought against whom and in what capacity. (Doc. No. 6 at 2-7.)

Defendants contend that during one of Plaintiff's initial appearances, the court entered a competency order. (Doc. No. 56 at ¶ 1.) They further contend that after evaluation, Plaintiff was referred for restoration services. (*Id.*) All of the Defendants have moved to dismiss Plaintiff's claims. They describe their pending motions as follows:

- Judge Frances Johnson moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim. She raised the defenses of Eleventh Amendment immunity, absolute immunity, and qualified immunity.
- Lizet Castillo, Shane Owen and Clayton Sunada (collectively, the "CSPD Defendants") moved to dismiss Plaintiff's claims. The CSPD Defendants raised the fact that they cannot be held liable under § 1983 in their official capacity under a theory of *respondeat superior*. Additionally, the CSPD Defendants assert qualified immunity.
- Tyler Brown moved to dismiss Plaintiff's lawsuit under Rule 12(b)(6). Sheriff Brown argues that he cannot be held liable under § 1983 in his official capacity under a theory of *respondeat superior.*
- Sherriff Elder also moved to dismiss Plaintiff's claims under Rule 12(b)((1) and 12(b)(6). Sheriff Elder contends that he is entitled to qualified immunity, and that Plaintiff has not stated a claim.

(Doc. No. 56 at 2-3 (internal citations omitted).)

All pending motions to dismiss have been referred to the undersigned. (Doc. Nos. 20, 21, 25, 26, 30, 31, 41, 42.) Defendants seek a stay pending resolution of those motions. (Doc. No. 56 at 1.) The parties filed a proposed scheduling order, but the Court held it in abeyance in light of the instant Motion to Stay. (*See* Doc. Nos. 58, 61.)

3

## LEGAL STANDARD

*Motion to Stay*

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

A stay of discovery is generally disfavored, *see, e.g.*, *LS3, Inc. v. Cherokee Fed. Sols., LLC*, No. 1:20-cv-03555-PAB-NYW, 2021 WL 4947284, at *2 (D. Colo. Aug. 26, 2021); *Gold, Inc. v. H.I.S. Juveniles, Inc.*, No. 14-cv-02298-RM-KMT, 2015 WL 1650900, at *1 (D. Colo. April 8, 2015); *Rocha v. CCF Admin.*, No. 09-cv-01432-CMA-MEH, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010), but the decision rests firmly within the sound discretion of the Court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, courts typically consider five factors: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have

4

been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010); *see, e.g.*, *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *3 (D. Colo. Feb. 22, 2016) (observing that a stay may be appropriate pending the resolution of a motion to dismiss impacting immunity or jurisdictional issues).

### *Pro Se Plaintiff*

Plaintiff is proceeding *pro se*. The Court, therefore, reviews "pleadings and other papers liberally and hold[s] [Plaintiff] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, Plaintiff's *pro se* status does not entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

In determining whether to grant the Motion to Stay, the Court considers all five *String Cheese* factors.

***Plaintiffs' Interest in Proceeding Expeditiously.*** As noted above, Plaintiff initially missed his deadline to respond to the Motion to Stay. However, during a Court conference on August 30, 2023, Plaintiff indicated his opposition to the Motion to Stay, and the Court gave him until September 15, 2023, to respond. (Doc. No. 61.) On September 11, 2023, Plaintiff submitted a letter to the Court in which he expressed his "deep concern regarding the recent motion to stay the civil action[.]" (Doc. No. 63 at 1.) The Court construes that letter as Plaintiff's Response.

In his Response, Plaintiff asserts a delay of this case "would compound [the violation of his right to a speedy trial] and potentially lead to an extended period of legal uncertainty for [him]." (*Id.* at 1.) He argues that granting a motion to stay "could have serious consequences for both the plaintiff and the pursuit of justice[,]" because "[w]itnesses' memories may fade, evidence could be lost, and the overall integrity of the legal process could be compromised." (*Id.* at 2.) He "respectfully urge[s] [the Court] to consider the constitutional and ethical implications of approving a motion to stay in the case involving a plaintiff who has already been denied their right to a speedy trial at the state level." (*Id.*) And he argues that "[a]pproving a motion to stay in a case where a plaintiff's right to speedy trial has been denied at the state level would send a disconcerting message that the federal court is willing to overlook or indirectly endorse violations of fundamental rights." (*Id.* at 2.)

As a threshold matter, the Court disagrees with the contention that granting a stay means the Court is overlooking or indirectly endorsing an alleged violation. (*See id.* at 2.) The case before the Court is a civil case with scheduling and deadline considerations that are different from those in the underlying criminal matter. Moreover, a decision to stay the case is not a decision on the merits. Regardless of whether a stay issues, Plaintiff's case will be heard.

Still, Plaintiff has articulated a genuine and reasonable interest in proceeding expeditiously. At its core, Plaintiff's claim is that the government deprived him of certain rights and treated him unfairly. The Court is persuaded that a stay could compound the harm Plaintiff alleges to have suffered. For this reason, the Court finds the first factor weighs in Plaintiff's favor, and <u>against</u> a stay.

***Burden on the Defendant***.  Defendants argue that "public employees are entitled to have

6

the threshold issue of immunity determined before incurring the burdens of litigation." (Doc. No. 56 at ¶ 12 (citing *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)). They contend that "[p]ermitting discovery to proceed would impose on all Defendants the burdens of pretrial litigation, which would distract from their performance of their official duties." (*Id.* (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 816-17 (1982).) They further argue that their pending motions to dismiss are strong and that the Court should not subject Defendants to unnecessary discovery or other pretrial proceedings until the questions of immunity are resolved. (Doc. 64 at 3.)

The Court is not of the view that immunity defenses automatically warrant a stay. Such a rule would run counter to the well-settled rule that courts have discretion in each case. *See generally United Steelworkers of Am.*, 322 F.3d at 1227; *see also Love v. Grashorn*, 2022 WL 1642496, at *4 (D. Colo. May 24, 2022) (finding that an assertion of immunity does not end the stay analysis); *Estate of Ronquillo by & through Sanchez v. City & County of Denver*, 2016 WL 10842586 (D. Colo. Nov. 14, 2016) (noting that in some cases discovery should proceed despite assertion of immunity). However, in this case, the Court agrees that discovery could impose a meaningful and potentially undue burden on Defendants. *See generally Am. Tradition Inst. v. Colorado,* 2011 WL 3705108, at *3 (D. Colo. Aug. 23, 2011) ("[T]he burden on the state defendants of proceeding in litigation during the pendency of jurisdictional and immunity issues is well-observed by the federal courts, as related to the second factor."); *Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-KLM, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021) (finding the second factor to weigh in favor of a stay, even though the defendants failed to demonstrate that proceeding with discovery would be an *undue* burden, where such discovery "could be wasteful"); *see also Alexander v. Foegen*, No. 10-cv-01993-LTB-MEH, 2011 WL

7

683813, at *1 (D. Colo. Feb. 17, 2011) (recognizing the burden on defendants in proceeding with discovery, where there was a pending motion to dismiss raising a statute of limitations argument); *Estate of Burnett v. City of Colorado Springs*, No. 21-cv-01708-WJM-KMT, 2022 WL 218630, at *3 (D. Colo. Jan. 25, 2022). This is particularly true where, as here, defendants lodge subject matter jurisdiction and Eleventh Amendment immunity defenses. *See Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *2-3 (D. Colo. June 7, 2013) (finding that plaintiff's interest in proceeding expeditiously with the case was "overcome by the burden [the defendant] might face if it were forced to proceed with discovery," where the motion to dismiss "lodged colorable arguments" that the court lacked subject matter jurisdiction over the claims); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question). And although not all Defendants assert the same defenses, allowing discovery to proceed only as to some Defendants and not others, would ignore the reality that in a case like this, discovery into one portion of the case would necessarily impact all portions and all parties. For these reasons, the Court finds the second factor weighs <u>in favor of</u> a stay.

  ***Convenience to the Court.*** This District's general rule to proceed with discovery, even while a dispositive motion is pending, recognizes there are "burdens to the court and to the public in delaying, potentially for months, those cases where a [dispositive] motion is filed." *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425-WYD-BNB, 2007 WL 1395309 at *2 (D. Colo. May 9, 2007). However, based on the Court's review of the operative complaint and

pending motions to dismiss, as well as its brief interaction with the parties, the Court suspects this case will require more resources than other cases. Additionally, to the extent some or all Defendants are eventually dismissed, the Court's work in adjudicating disputes or handling other pretrial matters could be a waste of judicial resources. *See Strom v. Weiser*, 2021 WL 5561724, at *3 (D. Colo. Feb. 18, 2021) (finding the third factor weighed in favor of a stay where "[t]he [m]otion to [d]ismiss not only challenges this Court's subject matter jurisdiction, which must be satisfied at all stages of litigation, but also could dispose of the case in its entirety. Judicial resources would best be conserved by imposing a stay until the jurisdictional challenge is resolved"). For these reasons, the Court finds the third factor weighs in favor of stay.

***Interests of Non-Parties & the Public Interest.***  Contrary to Defendants' argument that "the only *String Cheese* factor that Plaintiff argued is his interest in proceeding expeditiously," (Doc. No. 64 at 2), Plaintiff has made arguments about the interests of non-parties and the public. Specifically, Plaintiff argues that granting a motion to stay would "undermine" due process, "erod[e] public trust in the judicial system" and "discourage individuals from seeking redress for state-level injustices through the federal courts." (Doc. No. 63 at 1-2.) Plaintiff also argues that witness memories are likely to fade with the passage of time. (*Id.* at 2.) The Court takes this to mean, not only that Plaintiff may be prejudiced by fading memories, but also that the burden on non-parties is likely to increase over time as they have to collect more information and do more work to refresh their memories.

Plaintiff's arguments are reasonable, but there are countervailing interests as it concerns factors four and five. If the pending motions to dismiss are successful, they could dispose of the case entirely or at least meaningfully narrow the claims and parties. If that happens, non-party

9

witnesses will have been burdened with discovery unnecessarily, and—assuming some or all witnesses are public entity employees—they will have been unduly distracted from their government duties. *See generally Adamson v. Volkswagen Grp. of Am., Inc.*, 2022 WL 4767573, at *4 (D. Colo. Oct. 3, 2022).

Additionally, and beyond the interests of non-parties, the general public has an interest in the efficient and just resolution of this case. "Avoiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). If the Court were to allow Plaintiff to proceed with discovery now, only to have the case entirely dismissed or substantially narrowed later, public funds would be unnecessarily tapped three times: once in connection with the defense of the suit, once in connection with the expenditure of judicial resources, and once in connection with the participation by non-party witnesses employed by public entities. On balance, the non-party factor and the public interest factor both weigh in favor of a stay.

On this record, then, having weighed the applicable factors, the Court finds it is appropriate to stay the matter until all pending motions to dismiss have been resolved.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT**:

(1) "Defendants' Joint Motion to Stay Discovery and All Further Proceedings Pending." (["Motion to Stay"] Doc. No. 56).) is **GRANTED**.

(2) This case is **STAYED**, pending a ruling on the outstanding motions to dismiss (Doc. Nos. 20, 25, 30, 41.)

(3) If any portion of the case survives the pending motions to dismiss, the parties **SHALL** file a joint status report within ten days of a final ruling on all outstanding motions to dismiss, to advise on the status of the matter.

Dated this 28th day of September, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge